## Commonwealth v. Sun Oil Co., Appellant.

*Taxation—Gasoline—Resale—Acts of June 15, 1923, P. L. 834, and June 29, 1923, P. L. 868—Constitutional law—Uniformity of taxation.*

1. The Acts of June 15, 1923, P. L. 834, and June 29, 1923, P. L. 868, imposing a tax upon the sale of all liquid fuels practically and commercially usable in internal combustion engines for the generation of power, except those sold for the purpose of resale, includes gasoline sold to a purchaser who uses the same with other ingredients in the manufacture of a preparation for surfacing and repairing highways.

2. The sale by such purchaser of the preparation which he manufactures is not a "resale" within the meaning of the acts.

3. The Acts of 1923 do not violate article IX, section 1, of the Constitution requiring uniformity of taxation on the same class of subjects.

Argued May 23, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 28, May T., 1927, by defendant, from judgment for plaintiff of C. P. Dauphin Co., Commonwealth Docket 1926, No. 63, on appeal from tax settlement, in case of Commonwealth v. Sun Oil Co. Affirmed.

Appeal from tax settlement. Before WICKERSHAM, J.
The opinion of the Supreme Court states the facts.
Judgment for Commonwealth for $1,779.62. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*W. Curtis Bok,* with him *McIlhenny & Lamberton,* for appellant.—The Act of June 15, 1923, P. L. 834, does not cover the sale of gasoline made in this case.

When the Headley Good Roads Company sold its road oil containing as a constitutent part thereof gasoline sold to it by Sun Oil Company, the sale of said road oil was a "resale" under the Act of June 15, 1923, P. L. 834.

The Act of June 15, 1923, is contrary to the provisions of article IX, section 1, of the Constitution of the State, in that it is not uniform on the same class of subjects: Heisler v. Colliery Co., 274 Pa. 448.

*Thomas G. Taylor,* Deputy Attorney General, with him *Thos. J. Baldrige,* Attorney General, for appellee.—Gasoline is specifically designated in the act as being a member of the class taxed under the act. When appellant admits that it sold gasoline to a purchaser it becomes liable for the tax on said sale unless the purchaser purchased said gasoline from appellant for the purpose of resale.

Under the provisions of the act, to constitute "a second sale" or "a sale of what was before sold to the possessor" the sale must be of the article previously sold, namely, a liquid usable in internal combustion engines. There can be no "resale" if the liquid fuel has lost the

characteristic which designates it as taxable, namely, its usability and capability of being used in internal combustion engines for the generation of power: Schoyer v. Oil & Refining Co., 284 Pa. 189; Fox's App., 112 Pa. 337; Com. v. Electric Light Co., 145 Pa. 147; Heisler v. Colliery Co., 274 Pa. 488; Collins v. Kephart, 271 Pa. 428.

OPINION BY MR. JUSTICE FRAZER, June 25, 1927:

The Sun Oil Company is a corporation engaged in the business of refining and marketing petroleum and its products. During a period from October 1, 1924, to December 31, 1925, it sold to the Headley Good Roads Company a large quantity of gasoline which the latter used in the manufacture of a preparation for surfacing and repairing highways, consisting of a mixture of gasoline, asphalt, oil, chemicals and water which after being heated was placed in proper containers for the market. The auditor general, at the time of assessing a tax against appellant, on sales made by it during the period above mentioned, under the provisions of the Act of June 15, 1923, P. L. 834, as amended by the Act of June 29, 1923, P. L. 868, included in the tax settlement the gasoline sold to the Headley Good Roads Company for the purpose above stated. The Sun Oil Company objected to the assessment, claiming it was not taxable on gasoline sold to the Good Roads Company for the purpose stated. The court below held the tax was properly imposed and entered judgment in favor of the Commonwealth for the full amount of the tax.

The Acts of 1923 impose a tax on "liquid fuels" sold within the Commonwealth, except where the transaction is a sale for the purpose of resale. Section 1 of the act, defining terms used therein provides:

"(a) The term 'liquid fuels' shall mean all liquids ordinarily, practically, and commercially usable in internal combustion engines for the generation of power, and shall include all distillates of, and condensates from,

petroleum, natural gas, coal, coal tar, and vegetable ferments—said distillates and condensates being ordinarily designated as gasoline, naphtha, benzol, benzine, and alcohols so usable, but not restricted to such designations.

"(b) The term 'dealer' shall include any and all person and persons, firm, copartnership, association, or corporation, selling liquid fuels, as herein defined, to purchasers who purchase for purposes other than resale."

Section 3 provides that "a state tax of one cent a gallon or fraction thereof is hereby imposed on all liquid fuels sold in this Commonwealth for any purpose whatsoever except for the purpose of resale." A further "emergency tax" of an additional one cent a gallon is also imposed, to be collected for a limited time.

The contention of appellant is that the above provisions of the act should not be construed to impose a tax on sales of gasoline for industrial or chemical purposes in no way related to its use in internal combustion engines; that since the road company did not use the gasoline in internal combustion engines, but used it to manufacture a commodity which it sold on the market, the purpose of the transaction was for resale within the meaning of the act, and further that the tax is not uniform on the same class of subjects and consequently unconstitutional. We are of opinion, for reasons hereafter given, neither of these contentions can be sustained.

The tax is imposed on "liquid fuels sold in this Commonwealth for any purpose whatsoever except for the purpose of resale." This language shows beyond all doubt that, with the single exception named, the legislature intended to eliminate all question or inquiry as to the purpose for which the liquid fuel was purchased. While section 1 of the act, in defining the term "liquid fuels," described it as liquids ordinarily and commercially "usable in internal combustion engines," and as "being ordinarily designated as gasoline, naphtha, benzol, benzine and alcohols so usable," it is apparent this

language is merely descriptive of the subject-matter of the tax and that the word "usable" must be given its ordinary meaning as capable of being used, and the legislature did not intend to limit the tax to liquid fuel actually used in internal combustion engines. The standard is whether the liquid is usable in engines, not whether it is actually so used. There is nothing whatever in the act requiring dealers to inquire as to the purpose for which the liquid fuel is to be used by the purchaser, except in the single instance where the object of the purchase is to resell. The tax being on the article itself, when its status as liquid fuel is once fixed, it is immaterial whether the purchaser intends to use it for household or other purposes or in an engine, so long as he does not buy it for the purpose of resale.

The use of the gasoline purchased by the Good Roads Company for mixing with other ingredients to make a separate and distinct article of commerce does not constitute a resale within the meaning of the act so as to exempt the purchaser from liability. The object of the exemption was apparently to prevent double taxation and impose the tax on the consumer only. This is shown by section 8 of the act, which provides that "the tax imposed by this act shall be paid by the person, firm, copartnership, association or corporation purchasing liquid fuels for his or its own use, and not for the purpose of resale." When used commercially in the manufacture of other products there is no resale of the "liquid fuel" within the meaning of the act. In such case it has changed its form and identity and has become merely one of the ingredients which go to make up an entirely distinct commercial commodity. The manufacturer of such commodity has used or consumed it and is, therefore, liable for the tax.

The contention that the act violates article IX, section 1, of the Constitution, requiring uniformity of taxation on the same class of subjects, cannot be sustained. The argument is, not that the classification is improper,

but that there is lack of uniformity due to the fact that gasoline used in the manufacture of road oil is permitted to be taxed while other articles usable for the same purpose in competition with gasoline are not taxed. If it be conceded that the classification of gasoline or liquid fuel is a proper one for the purpose of taxation, and as to this there can be no doubt, and that the tax is imposed on the article as such, it is immaterial for what purpose it is to be used by the consumer. If the latter finds the cost of the gasoline, including the tax, is greater than the cost of other ingredients which can be used as a substitute for gasoline, such excessive cost may constitute a good reason, from a business point of view, why the substitute should be used, but it does not furnish an argument against the validity of the tax under the uniformity clause of the Constitution.

The judgment is affirmed.